KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 002478
JORDAN F. FAUX, ESQ.
Nevada Bar No. 12205
THE FAUX LAW GROUP
2625 N. Green Valley Parkway, Suite 100
Henderson, Nevada 89014
Telephone: (702) 458-5790
Facsimile: (702) 458-5794
Email: kfaux@fauxlaw.com
       wsiepmann@fauxlaw.com
       jfaux@fauxlaw.com
*Attorneys for American Contractors Indemnity Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA ENERGY AND ELECTRIC, INC., a Missouri corporation, also known as ALPHA ENERGY AND ELECTRIC DBA ALPHA GENERAL CONTRACTING; GABRIEL OKAFOR, an individual; NICKY OKAFOR, an individual; EMMANUEL NWABUONWU, an individual; BETTY NWABUONWU, an individual;<br><br>Defendants. | CASE NO: 2:23-cv-00615-JCM-EJY<br><br>**STIPULATION TO STAY**<br>**(FIRST REQUEST)** |

### INTRODUCTION

The Complaint in this matter was filed on April 20, 2023. Plaintiff filed a motion for summary judgment on September 26, 2023 (ECF No. 17). The motion was fully briefed by both parties which included a sur-reply. During the pendency of the motion, the parties were able to resolve a portion of Plaintiff's claims via joint stipulation reflected in the Court's Order (ECF No. 38) dated March 8, 2024. The Court recently issued its decision on the remaining issues in Plaintiff's motion for summary judgment in its Order (ECF No. 43) dated September 18, 2024 wherein it denied Plaintiff's motion for summary judgment and found there were genuine issues of material fact.

1

In light of these developments and narrowing of the issues per the Court's Order (ECF No. 43), the parties wish to attempt to resolve the remaining dispute through private mediation. Time is needed in order to coordinate for such as Plaintiffs' main place of business is in California and Defendants' main place of business is in Kansas/Missouri and this litigation is taking place in Nevada. The parties are currently discussing and performing due diligence on potential mediators and will need to accommodate the schedule of the chosen mediator as well. This request is made in good faith and not for any purpose of delay.

The Court has broad discretion to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The parties believe that having mediation prior to trial is likely to serve the interests of justice and conserve judicial resources and warrants the requested stay as set forth below. When looking at whether to grant a stay to allow parties to mediate, the court may consider the following factors:

- a meaningful showing is made that the parties have otherwise been diligent in prosecuting the case,
- the request is made preemptively rather than after the parties agreed without judicial approval to avoid their discovery obligations,
- the parties are reasonably close to settlement or there is otherwise a substantial likelihood of settlement,
- settlement is more likely achievable if certain litigation obligations are delayed in the interim,
- substantial judicial or party resources may be spared if settlement is achieved, and/or
- a concrete date is set in the relative near-term by which the settlement discussions or alternative dispute resolution will be completed.

*Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1182 n.8 (D. Nev. 2022).

2

Here, the factors support a showing of good cause that a stay is warranted. The parties have been diligent in prosecuting this case. A dispositive motion on all substantive matters was filed early on, nearly 6 months after initial filing. The parties have completed discovery. The parties have already settled a significant portion of Plaintiff's claims ($82,955.65)[1] leaving only Plaintiff's claims for reimbursement of attorney fees and costs. The parties have agreed to mediate, they just require time to choose an appropriate mediator, mediation venue, and coordinate schedules so the mediation can occur. The parties have exchanged names of potential mediators and are in the process of performing due diligence on same. The parties have shown they have been diligent in prosecuting this case and fulfilling their duties to the Court. The parties would save considerable time and expense if settlement is achieved including, but not limited to, attorney fees and costs, and expenses for travel to and accommodations in Las Vegas for trial. The parties agree that now is the best time to coordinate their resources towards a potential resolution through mediation. The parties agree that this constitutes good cause to stay this case as set forth below.

**STIPULATION**

The parties stipulate as follows:

1) This case shall be stayed so that the parties may pursue private mediation.
2) The parties are to file a joint status report every 30 days from the date of this order to keep the Court apprised of progress.
3) The stay may be lifted upon request of either party.
4) The joint pre-trial order shall be due 30 days from the lifting of stay, if the matter does not resolve.

///

---

[1] This was roughly 38% of the amount sought in Plaintiff's summary judgment motion (ECF No. 17).

3

///

5) If the matter resolves, the parties will file a joint notice of settlement with the Court and relevant stipulation for dismissal or other appropriate papers within a reasonable time after filing the notice of settlement.

Respectfully submitted this 14th day of October, 2024:

/s/ Jordan F. Faux
KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 002478
JORDAN F. FAUX, ESQ.
Nevada Bar No. 12205
THE FAUX LAW GROUP
2625 N. Green Valley Parkway, Suite 100
Henderson, Nevada 89014
*Attorneys for ACIC*

/s/ Stephen J. Moore
Stephen J. Moore *Pro Hac Vice*
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Telephone: 816.756.5800
Facsimile: 816.756.1999
sjmoore@krigelandkrigel.com

Charles R. Kozak SBN 11179
KOZAK & ASSOCIATES, LLC
3100 Mill Street, Suite 115
Reno, Nevada 89502
Telephone: 775.322.1239
Facsimile: 775.800.1767
chuck@kozaklawfirm.com

*Attorneys for Defendants*

**IT IS SO ORDERED:**

_____
**HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE**

DATED: October 17, 2024